# CHARLESTON.

## BELCHER v. THE FIRST NATIONAL BANK OF PINEVILLE.
## BELCHER v. BANK OF MULLENS.
## BANK OF WYOMING v. THE FIRST NATIONAL BANK OF PINEVILLE.
## BANK OF WYOMING v. BANK OF MULLENS.

Submitted October 31, 1917.    Decided November 13, 1917.

1. MANDAMUS—*County Depository—Credits.*

   Mandamus is the appropriate remedy to compel a county depository under the depository act, Ch. 84, Acts 1915, to credit the sheriff with interest that has accumulated on the public fund in its hands and to pay his lawful orders drawn upon it; and in such case the sheriff is a proper relator. (p. 318).

2. SAME—*County Depository—Payment of Funds—Deposit—Interest.*

   The pendency of a suit brought by the sheriff against a depository to recover a judgment for public funds held by it on deposit, and which it refuses to pay out upon his orders, is no defense to a proceeding in mandamus to compel it to pay such orders. (p. 318).

3. CONTRACTS—*Violation of Statute — Public Funds — Deposit — Interest.*

   Point 6 of syllabus, *Bunch v. Short,* 78 W. Va. 764, 90 S. E. 810, approved and applied. (p. 318).

Mandamus by W. B. Belcher, Sheriff and ex officio Treasurer of Wyoming County, against the Bank of Mullens and against the First National Bank of Pineville, depositories of the public funds of Wyoming county, consolidated with petitions by the Bank of Wyoming against the same respondents.

*Peremptory writs awarded.*

81 W. Va.

*Dillon & Nuckolls, R. D. Bailey,* and *S. M. B. Coulling, Jr.,* for petitioners.

*T. A. Bledsoe, F. E. Shannon* and *E. W. Worrell,* for respondents.

WILLIAMS, JUDGE:

These proceedings in mandamus are to compel respondents, the Bank of Mullens and The First National Bank of Pineville, depositories of the public funds of Wyoming county, to credit W. B. Belcher, sheriff and ex officio treasurer of said county, with certain public funds now on deposit in said banks and with interest that has accumulated thereon, and to recognize said funds, together with three per centum interest on daily balances thereof, as being held by them subject to the provisions of the Depository Act, Ch. 84, Acts 1915. Being similar in character, and the defense being the same in each case, they have been consolidated by consent of counsel, and will be disposed of in one opinion.

The funds were derived from the sale of county bonds, voted for the purpose of permanently improving the public roads of said county. Respondents were regularly appointed depositories of said county in the manner provided by the depository act and gave bond as therein required. There was deposited in The First National Bank of Pineville on February 29, 1916, $100,000 of said road fund, for which it issued five non-interest bearing certificates of deposit for $20,000 each, payable to the sheriff on demand. Two of said certificates were paid without interest, one on the 1st of July and the other on the 15th of September, 1917. There remains on deposit in said bank the sum of $60,000, which it refuses to pay out at the present time, claiming to hold said fund, not as a public depository, but as a private institution, by virtue of a contract between it and the county court of Wyoming county, by which it was agreed the fund should not draw interest and the first of said certificates was not to become payable until July 1, 1917, and the remaining certificates in three, six, nine and twelve months thereafter.

The county court has made numerous contracts for permanent road improvement and the money for the work done

thereunder has become payable, and respondents refuse to honor the orders regularly issued by the county court to the contractors and endorsed by the sheriff as county treasurer for payment by respondent.

There is no answer or return to the alternative writs. The only defense is made by demurrer and motion to quash them and by plea in abatement, setting up the pendency, in the circuit court of Wyoming county, of motions for judgments against respondents, upon notice given jointly by relator W. B. Belcher, sheriff, and Charles Short, his predecessor in office.

That mandamus is the appropriate remedy to compel a public depository to pay drafts regularly drawn upon the funds held by it as such, and that the county treasurer is a proper person to invoke the writ, there can be no question. Respondents occupy a public position which is quasi official in character and their duties are purely ministerial. They are vested with no discretion and the writ lies to compel them to perform their duties to the public. 26 Cyc. 304 and 387; *State ex rel. Board of Education* v. *Cavendish,* decided at the present term; and *Thomas* v. *Mason,* 39 W. Va. 526. Respondents admit they are in possession of the funds, The First National Bank of Pineville holding $60,000 and the Bank of Mullens $40,000 thereof.

The contention that respondents are not depositories of said funds within the meaning of the law, until said funds become payable by the terms of the contract under which they received them, and that they are justified in refusing to honor the sheriff's drafts until that time, is without merit. Their contracts with the county court ceased to be effective on the 1st of July, 1916, when the depository act took effect, if, in fact, they were ever legal and valid. That question was adjudicated in *Bunch* v. *Short et al.,* 78 W. Va. 764, 90 S. E. 810, involving a consideration of the very same contracts on which respondents rely.

The suits pending in the circuit court of Wyoming county whereby relator W. B. Belcher is seeking to recover judgments against respondents, constitute no bar to these proceedings. Those suits are inadequate to relieve relator from

the serious embarrassment confronting him in the administration of the public funds. Large portions of the work of permanent road improvement have been completed, and the contractors are entitled to their money and the funds in the hands of respondents are the only available funds with which to pay them. The contractors are threatening to abandon the work if they are not paid. Respondents admit they have the funds in their possession, and a judgment, if one should be recovered against them in the pending suits, would not entitle relator to withdraw the funds from them. He can disburse it only by paying it out on the lawful orders of the county court, as provided by the depository act. Under that act the sheriff is not entitled to the possession of the funds as against the depositories. The funds are now in lawful hands, but the complaint is respondents are unlawfully refusing to apply them to the payment of lawful orders. The relief necessary to insure the proper and efficient administration of the county's fiscal affairs can not be obtained by means of a judgment for money, even assuming one could be lawfully recovered, and hence the pendency of those suits is no bar to the present proceedings.

Relator asks that respondents be compelled to pay interest on the public funds in their hands according to the provisions of the depository act, not only from the time that act took effect until the institution of these proceedings, but also on the daily balances in their hands, until the entire fund shall have been disbursed, and that they credit him therewith. The terms of the act expressly entitle him to this relief.

### BANK OF WYOMING.

There was assigned to this relator a number of orders aggregating $38,578.09, which had been issued on the 1st of October, 1917, to various contractors, and which had been endorsed by the sheriff to be paid out of the funds in the hands of the Bank of Mullens; and there was likewise assigned to it numerous other orders aggregating $32,709.87, issued to contractors on the 6th and 7th of August, the 6th and 9th of September, and the 1st and 9th of October, 1917, which had been endorsed by the sheriff to be paid out of the

funds in the hands of The First National Bank of Pineville. Both of said respondent banks declined and refused to pay these orders for the reason before stated, that the funds were not then available under their contracts with the county court.

Writs will be awarded as to both of the respondents, the one against The First National Bank of Pineville commanding it to give W. B. Belcher, sheriff of Wyoming county, credit for $60,000, and credit him also with interest at the rate of 3% per annum on $100,000, the amount of funds originally deposited with said respondent, from the 1st day of July, 1916, to July 1, 1917, the time when the first $20,000 certificate of deposit was paid, and with a like rate of interest on $80,000, the remainder of said fund, until September 15, 1917, the time when the second certificate of deposit was paid, and with a like rate of interest on $60,000, the amount now in its hands, from the said 15th of September, 1917, up to the present time, and with like rate of interest on daily balances of said fund, until the whole thereof is disbursed; and also commanding it to pay the drafts or orders of the sheriff which have been assigned to the Bank of Wyoming, and any others he may lawfully draw upon said funds, whenever they are presented until such funds are exhausted.

And as to the Bank of Mullens, the writ will command it to credit the aforesaid sheriff with interest at the rate of 3% per annum on $50,000, the sum originally deposited with it, from the 1st day of July, 1916, until August 1, 1917, when the first of its $10,000 certificates of deposit was paid, and with like rate of interest on the remaining sum of $40,000, now in its hands, from said August 1, 1917, up to the present time, and with like rate of interest on daily balances remaining in its hands, and to pay the sheriff's orders drawn upon it, which have been assigned to the Bank of Wyoming, and any other of his orders lawfully drawn upon said fund until the same is exhausted.

Respondents having apparently acted in good faith in relying upon their contracts with the county court as a reason for declining to honor the sheriff's drafts, no costs will be awarded against them in these proceedings.

*Peremptory writs awarded.*